Judgment reversed.

*Cloud* and *O'Connor*, for appellants.

*S. Whicher*, for appellees.

------

### Bosworth *et al. v.* Farrenholtz.

The remedy for forcible entry or detention of real property, not allowable by the Code, where the defendant sets up a paramount title under the third division of § 2362; nor when a question of title is involved.

### *Appeal from Scott District Court.*

*Opinion by* Greene, J. This was an action for forcible entry and detainer, commenced by Bosworth and Allen, against Anna B. Farrenholtz, under the third division of section 2362 of the Code. The action was commenced before a justice of the peace, where the defendant pleaded title paramount to plaintiffs' title. Plaintiffs demurred to the plea. The justice of the peace overruled the demurrer and dismissed the case, on the ground that justices of the peace have no jurisdiction where questions of title are involved. The cause was taken to the district court, where the same demurrer was urged, and decided in the same way.

The correctness of this decision cannot be seriously questioned. The Code expressly provides that: "The question of title cannot be investigated in this form of action," § 2371.

In this case, the answer denies all the allegations in the petition, and claims that the defendant is in possession of said premises in her own right; that she has title thereto, and that her title is paramount to the plaintiffs'. The third division of section 2362, recognizes such a defense. If the defendant claims by a title paramount to the lien under which the sale was made, or by title derived from the purchaser at such sale, then this summary remedy is not allowable. The answer is in strict conformity to the Code. It alleges two sufficient reasons in avoidance fo plaintiffs' action.

1. She claims by a paramount title, which precludes the action for the forcible entry or detention of property.

2. She tenders an issue of title which cannot be investigated in this action. It follows, therefore, that plaintiffs' demurrer to defendant's answer was correctly overruled.

Judgment affirmed.

*A. Corbin,* for appellants.

*Whittaker* and *Grant,* for appellee.